```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RAFAEL MORALES                  :
                                :
     Plaintiff,                 :
                                :
V.                              :    CIV. NO. 3:09cv713 (JCH)
                                :
TOWN OF GLASTONBURY, TOWN OF    :
MANCHESTER, TOWN OF SOUTH       :
WINDSOR, THOMAS J. SWEENEY,     :
JAMES BERRY, COREY DAVIS,       :
DANIEL BONTEMPO,MARC HUGHES,    :
STEVEN KOSS, GARY T. TYLER,     :
DAVID GESUALDI,                 :
     Defendants.                :
```

### RULING ON DEFENDANT'S MOTION
### FOR A PROTECTIVE ORDER **[DOC. #116]**

Pending before this Court is Defendant Officer Steven Koss's Motion for Protective Order. [doc. # 116]. The Court heard argument on July 18, 2011. Upon careful consideration, the motion is **DENIED IN PART AND GRANTED IN PART.**

**BACKGROUND**

This § 1983 case involves claims of excessive force against certain police officers from the Glastonbury, Manchester and South Windsor police departments; and of failure to screen, supervise and/or train the officers against the Towns of Glastonbury, Manchester and South Windsor and their respective police chiefs. In addition, plaintiff brings common law claims of negligence, recklessness, assault, battery, negligent infliction of emotional distress and intentional infliction of emotional distress. The

1

operative complaint [doc. # 55] alleges that on the morning of January 9, 2009, plaintiff was a passenger in a vehicle that was surrounded by the defendant officers in Glastonbury. Plaintiff alleges that the defendant officers had planned on making a controlled purchase of drugs from the driver of the car, who was taken into custody. Plaintiff claims that he was punched and kicked in the face and head by the defendant police officers, causing him serious injuries. Defendants deny plaintiff's allegations of wrongdoing. [doc. # 80]. Officer Koss is employed by the Manchester Police Department.

**STANDARD OF REVIEW**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed.R.Civ.P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**DISCUSSION**

Defendant seeks a protective order with respect to three categories of documents requested by plaintiff in Schedule A to the Notice of defendant's Deposition. First, all documents related to all training or education defendant received prior to becoming a police officer, including all documents he submitted to the Police Department when applying for the position. Second, all civilian complaints and internal affairs investigations, substantiated or unsubstantiated and not limited to complaints of similar misconduct. And, third, all documents related to policies, procedures, customs or guidelines given to or made available to Officer Koss.

Specifically, defendant objects to requests numbers 1, 2, 4, 7, 8, 9, 10, and 11 in Schedule A.[1] Plaintiff added at oral argument that he seeks production of plaintiff's entire personnel file, which

---

[1] Request No. 4, seeking "A copy of all tangible materials that relate to your investigation of the events described in this lawsuit", appears to have been resolved.

3

includes a psychological evaluation performed prior to Officer Koss's appointment. Defendant argues that there is good cause to deny discovery because the requests are overbroad and seek irrelevant information not reasonably calculated to lead to admissible evidence with respect to plaintiff's claims.

*Employment Application Documents*

Request No. 1 seeks,

> A copy of your resume or curriculum vitae or other documents submitted to the town prior to your appointment to the position of police officer.

Request No. 2 seeks,

> A copy of all training or education certificates, degrees or other documents you received for the position of police officer.

Plaintiff argues that he is entitled to records regarding Officer Koss's employment application, including his resume, and records of any training and education he received prior to his appointment as a police officer. Defendant argues that these documents have no bearing on plaintiff's excessive force claim. Plaintiff proffers that the requested documents *could* show a pattern of misconduct prior to his appointment as police officer that would be relevant to the failure to screen claim against the Town of Manchester and its Chief. To prevail on a failure to screen claim, plaintiff must prove that "adequate scrutiny of [the employee's] background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire [him] would be

4

the deprivation of a third party's federally protected right...." Bd. of Comm'rs of Bryan County, 520 U.S. at 411. To the extent there are documents in Officer Koss's personnel file that he submitted to the Town prior to his appointment that showed a propensity by Officer Koss to use excessive force, those must either be produced or submitted to the Court for *in camera* review. The motion for protective order is GRANTED with respect to all other documents.

*Civilian Complaints and Internal Affairs Investigations*

Request No. 7 seeks,

> A copy of each civilian complaint filed against you as a police officer.

Request No. 8 seeks,

> A copy of all Internal Affairs Division (IAD) or Civilian Complaint Review Board (CCRB) reports or investigative documents regarding your conduct as a police officer.

Officer Koss has agreed to produce any complaints or investigations of conduct similar to that alleged, namely excessive force, where there was a determination of culpability, prior to the incident in question. All other complaints, defendant argues, are not relevant to plaintiff's claim of excessive force. Plaintiff counters that he is entitled to all complaints, substantiated or not, involving any conduct, arguing that these records are relevant to his Monell claim.

Whether plaintiff is entitled to complaints of all conduct is well settled in this district. In a § 1983 civil rights action

"against the police, police internal investigations files are discoverable when they involve allegations of similar misconduct." Session v. Rodriguez, No. 3:03cv943 (AWT) 2008 WL 2338123, at *2 (D. Conn. June 4, 2008). See also Gibbs v. City of New York, No. CV-06-5112 (ILG)(VVP), 2008 U.S. Dist. LEXIS 8111, 4-5, 2008 WL 314358 (E.D.N.Y. Feb. 4, 2008) (collecting cases). Further, courts permit discovery of substantiated, unsubstantiated or even withdrawn complaints, if relevant. Session, 2008 WL 2338123, at *2 (citing Bradley v. City of New York, No. 04 Civ. 8411(RWS)(MHD), 2005 U.S. Dist. LEXIS 22419 (S.D.N.Y. Oct. 3, 2005)("courts have repeatedly directed production of such complaints, whether substantiated or unsubstantiated or even withdrawn") (collecting cases)); Cox v. McClellan, 174 F.R.D. 32, 35 (W.D.N.Y. 1997) ("the fact that a prior complaint was determined to be unfounded does not bar its discovery. Whether the incident resulted in a conviction, a dismissal, a settlement or a lawsuit does not negate the existence of the occurrence itself"); Unger v. Cohen, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989) ("Civilian complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable.") At this stage, despite their questionable admissibility, the Court will permit discovery of civilian complaints and internal affairs investigations regarding excessive force, whether substantiated or not, prior to the date of the incident.[2]

---

[2] Defendant's counsel represented at oral argument that there are no civilian complaints against Officer Koss made for

*Training Materials and Policies*

Request No. 9 seeks,

> All documents given to you during your training or tenure as a police officer that concern: (a) the law of arrest; (b) the law for submitting affidavits in support of arrest warrants or search warrants; (c) the use of force during an arrest; (d) the responsibility of a police officer to prevent unlawful or wrongful conduct of other police officers;(e) the constitutional rights of citizens.

Request No. 10 seeks,

> A copy of all policies, procedures, customs or guidelines provided to you in connection with your position as a police officer regarding the law of arrest, use of force during the course of arrest, the determination of probable cause or reasonable suspicion and the constitutional rights of citizens.

Request No. 11 seeks,

> All documents or materials, distributed, made available, or required to be read by you in connection with your employment as a police officer, concerning the law of arrest, use of force in making arrests, reasonable execution of a search warrant, determination of probable cause or reasonable suspicion, or the constitutional rights of citizens, including, but not limited to, all police memoranda, documents, circulars, bulletins, manuals and general orders.

As of the date of the hearing, Officer Koss had produced all documents related to policies and training on the use of non-lethal force, a summary of his training records, and all statements and reports he filed. Defendant argues that anything beyond documents related to excessive force, such as the law of arrest or execution of search warrants, is overly broad and not likely to lead to admissible

---

excessive force. If this is the case, the representation shall be confirmed in writing to plaintiff's counsel.

evidence. Plaintiff counters that these policies and training materials are relevant to the circumstances of his detention and the subsequent alleged use of excessive force. All the claims asserted against Officer Koss, including the common law claims, relate to the alleged use of excessive force. And all claims against the Town and Police Chief for failure to train and supervise focus on the use of excessive force. There is no claim of false arrest, as plaintiff was never arrested. As such, defendant has met his burden and discovery is limited to training materials and policies related to the use of non-lethal force.

*Personnel File and Psychological Records*

In his papers opposing defendant's motion for protective order and at oral argument, plaintiff pursues a request for Officer Koss's personnel file, including his psychological evaluation. Defendant stresses that these documents are not within the scope of any of the requests for production or the subpoena served on defendant. In addition, defendant argues that the personnel file and psychological records contain sensitive and confidential information that should be protected from disclosure. Plaintiff argues that the personnel file, including the psychological assessment, are relevant to his failure to screen claim and that any confidentiality concerns can be addressed by a confidentiality order.[3]

---

[3] Defendant carries no burden to show good cause for a protective order as he was never requested to produce these documents.

"The locus of the line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading." Unger v. Cohen, 125 F.R.D. 67, 71 (S.D.N.Y. 1989). The only allegation addressing the failure to screen claim, states:

> 27. These actual and/or de facto policies, practices, and customs, include, but are not limited to the following:
>
>    a. the failure to properly screen [...]

[doc. # 55, Third Amended Complaint, ¶ 27].

Setting aside the issue of the sufficiency of plaintiff's failure to screen claim in light of Ashcroft v. Iqbal, 129 S.Ct. 1937 (May 19, 2009), this allegation without more is insufficient to compel production of a personnel file or a psychological evaluation. Short of allowing plaintiff to pursue a fishing expedition, the request for the entire personnel file, including the psychological records, on the basis of the failure to screen claim is overbroad and not likely to lead to admissible evidence. See Unger v. Cohen, 125 F.R.D. 67, 71 (S.D.N.Y. 1989) ("A police officer's mental health is not placed in issue solely by virtue of allegations of excessive force [...] The Complaint in this case includes no allegation warranting discovery of medical records."). Plaintiff's request for the entire personnel file and psychological records is DENIED on the current record.

**CONCLUSION**

Accordingly, defendant's Motion a Protective Order **[doc. # 116]**

9

**is denied in part and granted in part.** Defendant shall produce the responsive documents and prior claims of excessive force within 30 days of this ruling. If defendant elects to have certain documents reviewed by the Court *in camera* as permitted by the ruling, they shall be submitted to the Court with 15 days of this ruling. This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 10th day of August 2011.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE